OPINION
{¶ 1} Appellant, Beth Malnar, appeals from the June 30, 2006 judgment entry of the Ashtabula County Court of Common Pleas, in which she was sentenced for vandalism.
 {¶ 2} On August 26, 2005, appellant was indicted by the Ashtabula County Grand Jury for theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1), and vandalism, a felony of the fifth degree, in violation of R.C. 2909.05(B)(1)(a). On September 6, 2005, *Page 2 
appellant filed a waiver of the right to be present at her arraignment and the trial court entered a not guilty plea in her behalf.
 {¶ 3} On November 22, 2005, appellant withdrew her former not guilty plea and entered oral and written pleas of guilty to vandalism, as set forth in the indictment. The trial court accepted appellant's guilty plea and dismissed the theft charge.
 {¶ 4} On December 9, 2005, appellant filed a motion to withdraw her guilty plea. A hearing was held on December 30, 2005. Pursuant to its January 5, 2006 judgment entry, the trial court granted appellant's motion to withdraw her guilty plea.
 {¶ 5} A jury trial commenced on May 3, 2006.
 {¶ 6} At the trial, Janine M. Trebuchon-Wertz ("Wertz"), general manager of Mareddy Properties, testified for appellee, the state of Ohio, that in December of 2003, appellant and her boyfriend, William Nagel ("Nagel"), entered into a one-year lease agreement for an apartment, located at 1007 Bunker Hill Road, Apartment A-101, in Ashtabula, Ohio. Both appellant and Nagel signed the lease, which was to end on November 30, 2004. Appellant and Nagel, along with their three young children and a cat lived at the apartment. Prior to them taking possession, Wertz indicated that the apartment had been refurbished with new carpet, new vinyl flooring, new window coverings, and fresh paint throughout.
 {¶ 7} Upon termination of the lease period, the property managers posted a twenty-four-hour notice on the apartment door, indicating that apartment employees would be entering the premises. Appellant and Nagel moved out of the apartment on or about November 30, 2004. At the end of the twenty-four-hour period, maintenance supervisor *Page 3 
Robert Howe ("Howe") and resident manager Kristine Walkup entered the apartment which was locked when they arrived.
 {¶ 8} Upon entering the apartment, Howe testified for appellee that it was greatly damaged. He stated that the carpeting in every room had to be replaced due to stains from "red stuff" and cat feces; there was damage to the drywall; the drains were all plugged with cat food; garbage had been left behind; the thermostat was turned up to ninety degrees, which led to an infestation of bugs and maggots; the apartment had to be exterminated three times; and the vinyl flooring in the kitchen had to be removed and replaced. Wertz testified that replacing the carpet alone cost approximately $1,400.
 {¶ 9} At the close of appellee's case, appellant moved for an acquittal pursuant to Crim.R. 29, which was overruled by the trial court. Appellant did not put on any witnesses.
 {¶ 10} Following the trial, the jury found appellant guilty of vandalism, as charged in the indictment. On May 5, 2006, appellant filed a motion for new trial, which was overruled by the trial court on May 10, 2006.
 {¶ 11} Pursuant to its June 30, 2006 judgment entry, the trial court sentenced appellant to two years community control.[1] It is from that judgment that appellant filed a timely notice of appeal, raising one assignment of error for our review:
 {¶ 12} "Appellant's conviction of vandalism in violation of [R.C.] 2909.05, as alleged in * * * [her] indictment, is neither supported by sufficient evidence nor is it supported by the manifest weight of the evidence."
 {¶ 13} In her sole assignment of error, appellant argues that her conviction was not supported by the sufficiency or the manifest weight of the evidence. *Page 4 
 {¶ 14} As this court stated in State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13-14:
 {¶ 15} "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented.
 {¶ 16} "`"(* * *)The test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes aninquiry about due process. It raises a question of law, the resolutionof which does not allow the court to weigh the evidence. * * *"`
 {¶ 17} "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence `in a light most favorable to the prosecution,' * * * `(a) reviewing court (should) not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.' * * *" (Emphasis sic.) (Citations omitted.)
 {¶ 18} "* * * [A] reviewing court must look to the evidence presented * * * to assess whether the state offered evidence on each statutory element of the offense, so that a rational trier of fact may infer that the offense was committed beyond a reasonable doubt." State v.March (July 16, 1999), 11th Dist. No. 98-L-065, 1999 Ohio App. LEXIS 3333, at 8. The evidence is to be viewed in a light most favorable to the prosecution when conducting this inquiry. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. Further, the verdict will not be disturbed on appeal unless the reviewing court finds that *Page 5 
reasonable minds could not have arrived at the conclusion reached by the trier of fact. State v. Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 19} In Schlee, supra, at 14-15, we stated:
 {¶ 20} "* * *'[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 {¶ 21} "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) the court reviewing the entire record,weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"` (Citations omitted.) * * *" (Emphasis sic.)
 {¶ 22} A judgment of a trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v.Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 23} In the case at bar, with respect to the sufficiency of the evidence, R.C. 2909.05(B)(1)(a) provides: "[n]o person shall knowingly cause physical harm to property that is owned or possessed by another, when * * * [t]he property is used by its owner or possessor in the owner's or possessor's profession, business, trade, or occupation, and the value of the property or the amount of physical harm involved is five hundred dollars or more[.]"
 {¶ 24} Again, the evidence at trial revealed that Nagel, who pleaded guilty to vandalism in Case No. 2005-CR-214, and appellant, leased and possessed a refurbished *Page 6 
apartment, which contained new carpet, new vinyl flooring, new window coverings, and fresh paint. No damage was discovered to the premises until apartment employees entered the locked apartment after appellant and Nagel moved out, severely limiting the possibility that anyone other than appellant and Nagel caused the damage, which exceeded $500.
 {¶ 25} We note that appellee could not put on direct evidence that appellant was actually seen doing physical damage to the apartment at issue. "However, the law does not require such a high standard of proof." State v. Lopshire, 11th Dist. No. 2005-P-0037, 2006-Ohio-3215, at ¶ 32, citing State v. Williams, 7th Dist. No. 04 MA 38,2005-Ohio-4762, at ¶ 23. "`If that were so, convictions for crimes without eyewitnesses would never be upheld.'" Id. Thus, the Supreme Court of Ohio held in Jenks, supra, paragraph one of the syllabus: "[circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof. When the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction."
 {¶ 26} Pursuant to Schlee, supra, considering the evidence in a light most favorable to the prosecution, the jury could have found appellant guilty of vandalism beyond a reasonable doubt.
 {¶ 27} With regard to the manifest weight of the evidence, we note that the jury is in the best position to assess the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Here, the jury chose to believe appellee's witnesses. Based on the evidence presented, we cannot say that the jury clearly lost its way in finding appellant guilty of vandalism. *Page 7 
 {¶ 28} Pursuant to Schlee and Thompkins, supra, the jury did not clearly lose its way in convicting appellant of vandalism.
 {¶ 29} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur.
[1] Nagel, in Case No. 2005-CR-214, pleaded guilty to vandalism. *Page 1